UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GILBERT ASSOKO, ET AL.,

        Plaintiffs,

- against -

THE CITY OF NEW YORK, ET AL.,

        Defendants.

---

VICKI SEABROOK, ET AL.,

        Plaintiffs,

- against -

THE CITY OF NEW YORK, ET AL.,

        Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/09

1:06-cv-11414-RJH

1:05-cv-10760-RJH

**ORDER**

    These civil rights actions arise out of the sale and marketing of what the complaints characterize as grossly substandard town homes in the Harlem neighborhood of Manhattan.

    The original complaint in *Seabrook*, No. 05 Civ. 10760, was filed on December 23, 2005, and asserted damages claims for, *inter alia*, violations of the right to due process of law, the right to equal protection of the laws, and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d (2000). The original complaint in *Assoko*, 06 Civ. 11414, was filed on October 26, 2006, and asserted substantially the same federal claims. Both complaints asserted a number of claims under state and local law, including fraud and breach of contract.

By opinions dated September 14, 2007, and March 26, 2008, the Court dismissed the complaints for failure to state a claim upon which relief could be granted. *Assoko v. City of New York*, 539 F. Supp. 2d 728 (S.D.N.Y. 2008); *Seabrook v. City of New York*, 509 F. Supp. 2d 393 (S.D.N.Y. 2007). As a general matter, the complaints failed to "raise a right of relief above the speculative level," as required by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). Beyond this, the Court noted a number of specific defects in the complaints. Plaintiffs' equal protection claims, for instance, failed to specify what actions defendants wrongfully took or neglected to take with respect to each individual plaintiff, *see, e.g., Assoko*, 539 F. Supp. 2d at 735, and failed to allege intentional disparate treatment, *see, e.g., id.* at 736. Applying the "flexible 'plausibility standard,'" *Iqbal v. Hasty*, 490 F.3d 143, 157 (2d Cir. 2007), *cert. granted*, 128 S. Ct. 2931 (2008), of Federal Rule of Civil Procedure 8(a), the Court dismissed plaintiffs' federal claims. In the absence of viable federal claims, the Court declined to exercise supplemental jurisdiction over plaintiffs' remaining claims. In an excess of caution, however, the Court granted plaintiffs leave to file amended complaints, provided that they could, in good faith, correct the deficiencies in their equal protection and Title VI claims. *Seabrook*, 509 F. Supp. 2d at 407; *Assoko*, 539 F. Supp. 2d at 742.

On October 15, 2007, an amended complaint was filed in *Seabrook*, and on April 25, 2008, an amended complaint was filed in *Assoko*. After some scheduling snafus, defendants moved to dismiss the amended complaints, or for judgment on the pleadings.

After careful review, the Court concludes that plaintiffs' amended complaints do not cure many of the deficiencies the Court identified in plaintiffs' original complaints. Accordingly, defendants' motion for judgment on the pleadings **[Docket No. 50, in 05**

**Civ. 10760]** and motions to dismiss **[Docket Nos. 52, 58, and 62, in 06 Civ. 11414]** are granted. A memorandum opinion setting out the Court's reasoning in greater depth will be issued shortly.

SO ORDERED.

Dated: New York, New York
March 31, 2009

_____
Richard J. Holwell
United States District Judge