ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/27/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GILBERT ASSOKO, ET AL.,

               Plaintiffs,

- against -

THE CITY OF NEW YORK, ET AL.,

               Defendants.

1:06-cv-11414-RJH

VICKI SEABROOK, ET AL.,

               Plaintiffs,

- against -

THE CITY OF NEW YORK, ET AL.,

               Defendants.

1:05-cv-10760-RJH

**MEMORANDUM OPINION
AND ORDER**

MICROFILMED   APR 3 0 2009 -9 ⁕ AM

Richard J. Holwell, District Judge:

These actions arise out of the sale of allegedly defective townhouses in the Harlem neighborhood of Manhattan. In two prior opinions, the Court dismissed plaintiffs' original complaints, finding that they failed to state viable claims under, *inter alia*, the Equal Protection Clause and Section 601 of Title VI of the Civil Rights Act of 1964 ("Title VI"). With leave of Court, plaintiffs filed amended complaints, which defendants City of New York, the New York City Department of Housing Preservation and Development (HPD), the Department of Buildings of the City of New York, and Danois Architects have moved to dismiss. By Order dated March 31, 2009, the Court dismissed the amended complaints. This opinion sets out the Court's reasons for doing so.

- 1 -

## I.     BACKGROUND

Plaintiffs in these actions are thirty-one homeowners (fourteen in the Seabrook action, and seventeen the Assoko action), who purchased townhouses through a low income housing program.  Plaintiffs contend that the townhouses were grossly defective, and assert claims against various public and private defendants for violations of the Equal Protection Clause, U.S. Const. amend. XIV, § 1, and Title VI, 42 U.S.C. § 2000d (2006), as well as claims sounding in state law.  Plaintiffs' legal theories were described at length in the Court's prior opinions, familiarity with which is assumed.  *See Assoko v. City of New York*, 539 F. Supp. 2d 728 (S.D.N.Y. 2008); *Seabrook v. City of New York*, 509 F. Supp. 2d 393 (S.D.N.Y. 2007).

On September 14, 2007, the Court granted defendants' motion to dismiss all federal claims in the original Seabrook complaint.  *Seabrook*, 509 F. Supp. 2d at 407.  On March 26, 2008, the Court granted defendants' motion to dismiss all federal claims in the original Assoko complaint.  *Assoko*, 539 F. Supp. 2d at 741-42.  In both *Seabrook* and *Assoko*, the Court specifically noted a number of deficiencies in the complaints.

With regards to the equal protection claims, the complaints failed to make individualized allegations that similarly situated individuals had been treated differently, and that the City's conduct was motivated by animus or had no rational basis.  *Assoko*, 539 F. Supp. 2d at 737; *Seabrook*, 509 F. Supp. 2d at 402.  In particular, the Court rejected plaintiffs' attempt to plead multiple violations of the equal protection clause through generalized, conclusory allegations that the City wrongfully issued Certifications of Occupancy ("Certificates") for each and every plaintiff's home: "While each plaintiff lists defects in his or her own property, [plaintiffs] do not allege, as they must, that such

defects existed at the time of the inspection and issuance of the [Certificate] and should have precluded the issuance of the [Certificate] in each instance." *Assoko*, 539 F. Supp. 2d at 735 (citations omitted); *Seabrook*, 509 F. Supp. 2d at 401 (same). With regards to the Title VI claims, the complaints failed to specify "to which protected category, if any, each plaintiff belongs," and what program or activity receiving federal funding discriminated against them. *Assoko*, 539 F. Supp. 2d at 740; *Seabrook*, 509 F. Supp. 2d at 406. Finally, with regards to both claims, the complaints failed to make individualized allegations of maltreatment and/or discrimination. *Assoko*, 539 F. Supp. 2d at 735, 740; *Seabrook*, 509 F. Supp. 2d at 401, 406.

Having dismissed all of plaintiffs' federal claims, the Court declined pendent jurisdiction over plaintiffs' remaining state law claims. *See* 28 U.S.C. § 1367(c)(3) (2006). The Court, however, granted both sets of plaintiffs leave to amend their equal protection and Title VI claims.[1] *Assoko*, 539 F. Supp. 2d at 742; *Seabrook*, 509 F. Supp. 2d at 407. In addition, the Court noted that if an amended complaint survived a motion to dismiss, the Court would reconsider its ruling as to the pendent state law claims. *Assoko*, 539 F. Supp. 2d at 742; *Seabrook*, 509 F. Supp. 2d at 407.

Plaintiffs have since filed amended complaints alleging that the City of New York, the Department of Buildings of the City of New York, HPD (collectively, "the City"), and the New York City Housing Partnership violated their right to equal protection under the law. (*See* Assoko Am. Compl. ¶¶ 86-96; Seabrook Am. Compl. ¶¶

---

[1] The Court declined to grant plaintiffs leave to amend their substantive due process claims, as plaintiffs' injuries did not amount to a due process violation and amendment would have been futile. *Assoko*, 539 F. Supp. 2d at 742 (citing *Jones v. N.Y. State Div. of Military and Naval Affairs*, 166 F.3d 45, 50 (2d Cir. 1999)); *Seabrook*, 509 F. Supp. 2d at 407 (same).

70-82.) In addition, both sets of plaintiffs allege that all of the defendants listed in their respective complaints have discriminated against them in violation of Title VI. (*See* Assoko Am. Compl. ¶¶ 126-133; Seabrook Am. Compl. ¶¶ 112-122.) Various defendants, including the City and Danois Architects,[2] have filed motions to dismiss the amended complaints. Although certain defendants have not filed motions to dismiss, the Court elects to conduct a plenary review of the complaints. *See Aetna Cas. And Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 591 (2d Cir. 2005) (noting that "district court may dismiss a complaint *sua sponte*, for failure to state a claim, as to non-moving defendants") (citing *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994)).[3] As the Court finds that the allegations in each amended complaint are insufficient to state either equal protection or Title VI claims against any of the defendants, the complaints are dismissed.

## II.    DISCUSSION

The Court's analysis of the amended complaints focuses on the deficiencies identified in the original complaints. In this analysis, the Court applies the generally applicable standards for analyzing a motion to dismiss. Specifically, the factual allegations in the complaint will be taken as true, and all reasonable inferences will drawn in plaintiff's favor. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). The complaint's factual allegations, however, "must be enough to raise a

---

[2] Danois Architects is a defendant in the Assoko action, but not in the Seabrook action.

[3] Defendants in the Seabrook action that have not filed a motion to dismiss include the New York City Housing Partnership, JP Morgan Chase, Landmark Projects IV, Inc., Santa Fe Construction, and Desmond Emanuel. Defendants in the Assoko action that have not filed a motion to dismiss include New York City Housing Partnership, Citibank Corporation, Velez Organization, Velez Equities, and Melrose Place Housing Corporation.

right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (citation omitted). This "flexible 'plausibility standard[]' . . . obliges a pleader to

amplify a claim with some factual allegations in those contexts where such amplification

is needed to render the claim *plausible*." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir.

2007). If plaintiffs "have not nudged their claims across the line from conceivable to

plausible, their complaint[s] must be dismissed." *Twombly*, 550 U.S. at 570.

## A.     Equal Protection Claims

### 1.   Plaintiffs' Claims of Maltreatment

The Court first turns to whether the amended complaints adequately plead that

each plaintiff named herein was mistreated by the City or the New York City Housing

Partnership. The Court dismissed the original Seabrook and Assoko complaints in part

because the plaintiffs "fail[ed] to specifically identify what actions defendants wrongfully

took or neglected to take with respect to each individual plaintiff." *Assoko*, 539 F. Supp.

2d at 735; *Seabrook*, 509 F. Supp. 2d at 401. Specifically, the Court held that because

neither the Seabrook nor the Assoko action was a class action, general allegations about

the harm that "owners" or "plaintiffs" suffered were inadequate:

> To the extent the equal protection claim is based on the wrongful issuance
> of a [Certificate], or the derivative failure to conduct proper inspections
> prior to the issuance of the [Certificate], individual plaintiffs have not
> adequately alleged such conduct. While each plaintiff lists defects in his
> or her own property, they do not allege, as they must, that *such defects
> existed at the time of the inspection and issuance of the [Certificate] and
> should have precluded the issuance of the [Certificate] in each instance.*

*Assoko*, 539 F. Supp. 2d at 735 (emphasis added and citations omitted); *see also*

*Seabrook*, 509 F. Supp. 2d at 401 (same). Thus, each plaintiff was required to make

"individualized factual allegations" identifying the treatment that he or she claimed was injurious. *Assoko*, 539 F. Supp. 2d at 735; *Seabrook*, 509 F. Supp. 2d at 401.[4]

In their amended complaints, plaintiffs fail to offer such individualized allegations. Plaintiffs claim that the City conducted inadequate inspections of, and wrongfully issued Certificates for, the defective townhouses. (Assoko Am. Compl. ¶¶ 87, 90; Seabrook Am. Compl. ¶¶ 72, 73, 76.) Plaintiffs also claim that the City failed to respond adequately to their complaints about the condition of the homes after plaintiffs moved in. (*See* Assoko Am. Compl. ¶¶ 72, 89; Seabrook Am. Compl. ¶¶ 61-64, 77-78.) However, the complaints never allege that any identified defect "existed at the time of the inspection and issuance of the [Certificate] and should have precluded the issuance of the [Certificate] in each instance," and instead continue to treat plaintiffs as an undifferentiated class. The amended Assoko complaint, for example, states that "during the inspection, . . . Plaintiffs saw and pointed to several defects in the housing" (¶ 46), and that the City "issued [Certificates] despite the existence of major structural deficiencies[,] . . . thereby causing the Homeowners . . . constant emotional and mental anguish" (¶ 87). The amended Seabrook complaint takes the same approach, alleging only that the City "ignored the defects in the homes because of the owners['] race, ethnicity, [and/or] gender" (¶ 50), and that "in denying Plaintiff[s'] requests to bring their own inspector, Defendants show[ed] a discriminatory intent" (¶ 40). While the Court draws all reasonable inferences in plaintiffs' favor, it is not reasonable to assume that the amended complaints' references to "plaintiffs" or "owners" applies to each and every

---

[4] *See also Assoko*, 539 F. Supp. 2d at 737 n.9 ("The Court notes again that the present action is not a class action and individual plaintiffs are not relieved from the pleading requirements necessary to support each of their individual claims."); *Seabrook*, 509 F. Supp. 2d at 402 n.7 (same).

plaintiff. The Court, for example, cannot reasonably assume that each of the seventeen
Assoko plaintiffs experienced "constant emotional and mental anguish," as paragraph 87
of their amended complaint states, because of the buildings' structural deficiencies. The
Court reiterates that the instant actions are not class actions, and that, as a result, each
plaintiff was required to make individualized allegations.

In short, despite the clear directions the Court set forth in its prior opinions,
neither amended complaint contains individualized allegations that, as to each plaintiff,
the City was aware of specified defects at the time of inspection, which should have
precluded the issuance of a Certificate. The failure to make such allegations is fatal to
each individual plaintiff's equal protection claim.

## 2. Plaintiffs' Claims of Unequal Treatment Compared to Those "Similarly Situated"

Although the Court need go no further, it next turns, in an excess of caution, to
whether plaintiffs adequately plead that they were treated differently from a class of
"similarly situated" persons. The failure to allege treatment different from a similarly
situated class is fatal to an equal protection claim. *See Vill. of Willowbrook v. Olech*, 528
U.S. 562, 564 (2000) (per curiam) (recognizing equal protection claim where the plaintiff
alleges, *inter alia*, "that she has been intentionally treated differently from others
similarly situated"); *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006)) ("[T]o
succeed on a class-of-one claim, a plaintiff must establish [*inter alia*] that . . . no rational
person could regard the circumstances of the plaintiff to differ from those of a comparator
to a degree that would justify the differential treatment . . . .") (paragraph breaks omitted).
*See also Giordano v. City of New York*, 274 F.3d 740, 750-51 (2d Cir. 2001) (noting that
under pre-*Olech* precedent, "a selective enforcement claim based on the Equal Protection

- 7 -

Clause must allege that . . . the person, compared with others similarly situated, was selectively treated").

The City contends that plaintiffs' equal protection claims should be dismissed because "the Plaintiffs do not and [cannot] identify a specific group that was afforded different treatment." (Consol. Mem. of Law in Supp. of City Defs.' Mot. to Dismiss at 17.) In the Court's view, this probably overstates plaintiffs' burden on a motion to dismiss. In *DeMuria v. Hawkes*, 328 F.3d 704 (2d Cir. 2003), plaintiffs "made a general allegation that [the defendant] gave them a different standard of police protection than that typically afforded a resident" of their town. *Id.* at 707. The Second Circuit, relying on the Supreme Court's opinion in *Olech*, held that such allegations were sufficient for pleading the "similarly situated" element of an equal protection claim. *Id.* In particular, the court noted that although the plaintiff in *Olech* only "made the more general allegation that similarly situated property owners" had been treated differently, the Supreme Court found this allegation "sufficient for stating an equal protection claim." *Id.* (citing 528 U.S. at 565). Under the liberal *DeMuria* standard, which the Second Circuit has not yet revisited in light of *Twombly*, 550 U.S. 544, at the pleading stage, plaintiffs may identify an extremely broad group of similarly situated individuals who have received more favorable treatment from the City. That group may include all "similarly situated property owners," as in *Olech*, or all of the "typical[]" residents of a town, as in *DeMuria*.

The amended Assoko complaint satisfies the *DeMuria* standard. The complaint states, for each plaintiff, that the City "provide[s] stricter enforcement of housing laws" for "similarly situated individuals who do not belong to a protected class and/or group of

- 8 -

individuals which is predominantly composed of minorities." (Assoko Compl. ¶¶ 57-69.)

Although the Court would prefer more specific pleading of the "similarly situated"

element, it is reasonable to infer that the Assoko plaintiffs are comparing themselves to

non-minority property owners in New York City. The Assoko complaint is therefore no

more vague than the allegations in *DeMuria*, and adequately pleads the "similarly

situated" element of an equal protection claim.

The amended Seabrook complaint, however, never draws a plausible connection

between *individual* plaintiffs and another, similarly situated class. In paragraph 48, for

example, the complaint lists the defects in each of plaintiffs' homes. But it neglects to

allege on behalf of each plaintiff that the City would have remedied such defects for

similarly situated individuals. As noted in Part II.A.1, *supra*, because neither complaint

before the Court is part of a class action, each plaintiff must make individualized

allegations as to how he or she was mistreated. As such allegations are missing, the

Seabrook complaint does not adequately plead the "similarly situated" element of an

equal protection claim.

### 3. Plaintiffs' Claims of Impermissible Considerations, Arbitrariness, and/or Animus

The Court next turns to whether plaintiffs adequately plead, as they must for a

selective treatment equal protection claim, that any differential treatment was based on

"impermissible considerations such as race, religion, intent to inhibit or punish the

exercise of constitutional rights, or malicious or bad faith intent to injure a person,"

*Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001) (quoting

*LaTrieste Rest. & Cabaret v. Vill. Of Port Chester*, 40 F.3d 587, 590 (2d Cir. 1994)).

The Court also analyzes whether plaintiffs adequately plead, as they must for a "class of

one" equal protection claim, that any differential treatment was without a rational basis. *See Olech*, 528 U.S. at 564 (allowing equal protection claims brought by "class of one" where plaintiff alleges, *inter alia*, that "there is no rational basis for the difference in treatment").

In the amended Assoko complaint, paragraphs 57 through 69 allege, for each plaintiff, that housing defects were "permitted and/or encouraged . . . due to the discriminatory animus exhibited and/or wholly arbitrary enforcement of state and city laws and codes." The amended Seabrook complaint, on the other hand, fails to allege that arbitrariness or impermissible motivation on the part of the defendants caused the defects in each plaintiff's home. (See Amended Seabrook Compl. ¶ 48.) As a result, only the amended Assoko complaint adequately pleads this element of an equal protection claim.

                                    *   *   *

To summarize, neither of the amended complaints adequately alleges the manner in which each individual plaintiff was mistreated. In addition, the amended Seabrook complaint fails to make individualized allegations concerning how each plaintiff was treated differently from those similarly situated, and that the defendants' actions were based on impermissible considerations such as race or animus, or were wholly irrational. In light of these continuing deficiencies, the Court concludes that neither the amended Seabrook nor Assoko complaint plausibly alleges an equal protection violation. Accordingly, plaintiffs' equal protection claims are dismissed.

**B.     Title VI Claims**

The Court turns next to the amended complaints' claims under Title VI.  Section 601 of Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C. § 2000d.  This provision only prohibits intentional discrimination, *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001), and private parties may sue in tort to enforce it.  *See Cannon v. Univ. of Chicago*, 441 U.S. 677, 694 (1979) (supporting claim that Title IX creates private cause of action with observation that "Title IX was patterned after Title VI").

**1.  Plaintiffs' Claims of Membership In a Protected Class**

The Court first considers whether plaintiffs adequately plead that they are members of a protected class.  In its prior opinions, the Court noted that the individual plaintiffs "fail[ed] to specify to which protected category, if any, each belong[ed]."  *Assoko*, 539 F. Supp. 2d at 740; *Seabrook*, 509 F. Supp. 2d at 406.  This problem has been largely remedied in the amended complaints, though there is still no indication that plaintiffs William Batista (Seabrook Am. Compl. ¶ 5), Norman Guavin (*id.* ¶ 9), Mukhlesur Rahman (Assoko Am. Compl. ¶ 16), or Edward Sinclair (*id.* ¶ 18) were discriminated against as members of a protected class.  Because these plaintiffs do not identify their respective race, color, or national origin, they cannot plead that their race, color, or national origin was the ground for a discriminatory action.  The Court therefore dismisses these plaintiffs' Title VI claims.

## 2. Plaintiffs' Claims that the Activity or Program that Discriminated Against Them Received Federal Funding

The Court next analyzes whether plaintiffs adequately plead that the activity or program that discriminated against them received federal funding. In dismissing the Title VI claims in the original Seabrook and Assoko complaints, the Court noted that plaintiffs "fail[ed] to specify what federally funded program or activity discriminated against them." *Assoko*, 539 F. Supp. 2d at 740; *Seabrook*, 509 F. Supp. 2d at 406. In the amended complaints, this problem appears to have been remedied. Both the amended Assoko complaint and the amended Seabrook complaint claim that the allegedly discriminatory program—the Madison Park homes—received federal funding from the U.S. Department of Housing and Urban Development. (*See* Assoko Am. Compl. ¶ 127; Seabrook Am. Compl. ¶ 71.)

The City contends that "as demonstrated by public records, there were no federal funds involved in the Project in the Seabrook case." (Consol. Mem. of Law in Supp. of City Defs.' Mot. to Dismiss at 24 (citing Seabrook Exs. C and D, and Seabrook Seif Dec. ¶¶ 10-14).) The exhibits the City cites, however, do not appear in the current record. In any event, in deciding a motion to dismiss, the Court "accept[s] all factual allegations in the complaint and draw[s] all reasonable inferences in the plaintiff's favor." *ATSI Commc'ns, Inc.*, 493 F.3d at 98. The City's counterargument presents a factual dispute not ripe for resolution at this point in the litigation.[5]

---

[5] The Court, however, considers the Assoko plaintiffs to be careless, at best, in alleging a violation of Title VI "against all defendants" (¶¶ 126-133), including Danois Architects, even though the Assoko plaintiffs previously conceded that a Title VI claim was not viable against Danois. *Assoko*, 539 F. Supp. 2d at 733 n.4.

Both amended complaints adequately plead that federal funding was involved in the allegedly discriminatory program or activity at issue.

### 3.  Plaintiffs' Claims that Defendants Intentionally Discriminated Against Them

Finally, the Court considers whether plaintiffs adequately plead that the defendants intentionally discriminated against them.  In dismissing the Title VI claims in the original Seabrook and Assoko complaints, the Court noted that plaintiffs failed to "allege in what manner [defendants] intentionally subjected them to discrimination or denied them benefits because of their membership in a protected category." *Assoko*, 539 F. Supp. 2d at 740; *Seabrook*, 509 F. Supp. 2d at 406.

Because the instant actions are not class actions, each plaintiff must adequately plead the elements of a Title VI claim. *See supra* Part II.A.1.  Plaintiffs, however, have not made individualized allegations that defendants mistreated or discriminated against them.  For example, the amended Assoko complaint alleges that "Plaintiffs were targeted by the Defendants because of their race, color, and national origin" (¶ 129), and that "Defendants acted intentionally . . . in denying Plaintiffs . . . basic services" (¶ 132).  The amended Seabrook complaint is no more specific, stating that "Defendants have denied Plaintiffs the right to a home free from [d]efects" (¶ 117), and that if plaintiffs' "homes were not located in [a] community inhabited largely by minorities, Defendants would have chosen an adequate builder" (¶ 118).  The Court reiterates that it will not assume that all plaintiffs have experienced the same harm simply because the complaints offer that impression.  Each of the plaintiffs must make individualized allegations as to how he or she was discriminated against; without such allegations, plaintiffs' Title VI claims

- 13 -

must fail.  The Court finds that neither complaint plausibly alleges that defendants

engaged in intentional discrimination against the named plaintiffs.

* * *

The amended Assoko complaint and the amended Seabrook complaint both fail to

make individualized allegations that each plaintiff was the victim of intentional

discrimination by the defendants.  Without such allegations, the complaints essentially

ask the Court to assume that all of the plaintiffs experienced the same intentional

discrimination.  Such an assumption is not a "reasonable inference[]" for the Court to

draw, particularly when so many plaintiffs are involved.  *ATSI Commc'ns, Inc.*, 493 F.3d

at 98.  As a result, neither complaint's Title VI allegations "raise a right to relief above

the speculative level."  *Twombly*, 550 U.S. at 555.

## III.    CONCLUSION

Plaintiffs' federal claims are dismissed.  The Court declines pendent jurisdiction over plaintiffs' remaining claims, which are dismissed without prejudice.  The Clerk is directed to enter judgment and close this case.


SO ORDERED.

Dated: New York, New York
       April **24** , 2009

Richard J. Holwell
United States District Judge